**WESTGATE LAW**
Matthew A. Rosenthal (SBN 279334)
matt@westgatelaw.com
16444 Paramount Blvd, Suite 205
Paramount, CA 90723
Tel: (818) 200-1497
Fax: (818) 574-6022
Attorneys for Plaintiff,
BEVERLY ACHOLONU

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| BEVERLY ACHOLONU, | **Case No.: 8:19-cv-1766** |
| Plaintiff. | **COMPLAINT** |
| v. | **1. Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*.;** |
| EXPERIAN INFORMATION SOLUTIONS, INC.; COMENITY BANK; | **2. Violations of the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §1785.25(a)** |
| Defendant(s). | |

BEVERLY ACHOLONU ("Plaintiff"), by her attorneys, WESTGATE LAW, brings this action to secure redress from EXPERIAN INFORMATION SOLUTIONS, INC. and COMENITY BANK ("Defendants") for violations of the Fair Credit Reporting Act ("FCRA") and the California Consumer Credit Reporting Agencies' Act ("CCCRAA")

**JURISDICTION AND VENUE**

1.    Jurisdiction of this Court over Plaintiff's Complaint arises pursuant arises pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States, and this Court maintains supplemental jurisdiction over the state law claims alleged herein.

2.    Defendant Experian Information Solutions, Inc. conducts business in the State of California, thereby establishing personal jurisdiction.

3.    Defendant Comenity Bank conducts business in the State of California, thereby establishing personal jurisdiction.

4.    Venue is proper pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and Defendants each transact business here.

**PARTIES**

5.    Plaintiff is a natural person residing in San Bernardino County, California. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681(a) and the CCCRAA, Cal. Civ. Code § 1785.3(b).

6.    Defendant Experian Information Solutions, Inc. (hereinafter "Experian"), is a limited liability company with its principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626. At all relevant times herein, Defendant Experian was an entity which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing consumer reports to third parties, and used some mean or facility of interstate commerce for the purpose of preparing or furnishing consumer reports, and is therefore a "consumer reporting agency" as

defined by 15 U.S.C. § 1681a(f).  Likewise, Experian is a "consumer reporting agency" within the meaning of the CCRAA, Cal. Civ. Code § 1785.3(d).

7.    Defendant Comenity Bank (hereinafter "Comenity") is and was, at all relevant times stated herein, a corporation with its headquarters in Utah which engaged in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b) and Cal. Civ. Code § 1785.25(a).  Defendant is a "person" as defined by the FCRA, Section 1681a(b), and Cal. Civ. Code § 1785.3(j).

8.    Defendants each acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

9.    Plaintiff is informed and believe and on that basis alleges that Defendants are responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendant, or as their agents, servants, employees, and that each of them are legally liable to Plaintiffs, as set forth below.

## FACTUAL ALLEGATIONS

10.    On April 8, 2019, Plaintiff filed for Chapter 7 bankruptcy, Central District of California bankruptcy case number 2:19-bk-13956-WB.

11.    Despite the filing of her Chapter 7 bankruptcy petition, Plaintiff continued to receive collection calls and correspondence from Defendant Comenity.

12.    In or around June or July of 2019, Plaintiff spoke to a representative of Defendant Comenity, informed Defendant's representative that she had filed for bankruptcy, and provided Defendant's representative with her bankruptcy case number.

13.    Plaintiff received a discharge under 11 U.S.C. § 727 on July 22, 2019.

Accordingly, Plaintiff's alleged debt owed to Defendant Comenity was discharged through the bankruptcy.

14.    On or around September 16, 2019, Plaintiff obtained a copy of her credit report provided by Defendant Experian.

15.    Upon reviewing her credit report on or around September 16, 2019, Plaintiff realized that Defendant Comenity was continuing to report Plaintiff's alleged debt as past due and owing, as opposed to "Discharged in Bankruptcy" (or the equivalent).

16.    As of the date of the filing of this complaint, Comenity continues to furnish inaccurate information about Plaintiff regarding the Debt to Experian, who continues to report it.

17.    The derogatory information reported by Comenity after the Bankruptcy was discharged indicates to potential creditors that the Debt was somehow not discharged in the Bankruptcy and Plaintiff was being actively delinquent in respect to Comenity's Debt, which is inaccurate and materially misleading reporting.

18.    Comenity's attempt to collect upon this Debt by reporting post-Bankruptcy derogatory information on Plaintiff's Credit Reports was therefore inaccurate and prohibited by the Bankruptcy discharge.

19.    Experian's reporting of post-Bankruptcy derogatory information was also inaccurate because a default on an account included in a bankruptcy can occur no later than the bankruptcy filing date, at which point the accounts included in the Bankruptcy were no longer collectable due to the effect of the automatic stay and ultimate discharge.

20.    Thus, by reporting post-Bankruptcy derogatory information, Experian

effectively reported: (1) Plaintiff was being financially irresponsible by failing to pay the debt after the Bankruptcy was discharged; and (2) that Plaintiff's Debts were more recently subject to collection than they really were, which is inaccurate and misleading under the CCCRAA and the FCRA.

21.    Defendants' reporting of post-Bankruptcy derogatory information was also inaccurate and materially misleading because Defendants continued reporting information based on Comenity's pre-bankruptcy contract terms with the Plaintiff, which were no longer enforceable upon the filing of the Bankruptcy and ultimate successful discharge, thereby rendering the reported information inaccurate and materially misleading.

22.    For decades, courts have recognized that when a bankruptcy discharge is granted, the order relates back to the date of filing the petition and relieves the debtor from personal liability as of that date.

23.    Thus, in relation to the CCCRAA and FCRA, the discharge order rendered the information reported by Defendants following the bankruptcy discharge inaccurate and patently misleading because the discharge order relieved Plaintiff from any personal obligation to pay Comenity as of the date of filing the Bankruptcy petition.

24.    Moreover, the derogatory, delinquent information reported by Defendants following the Bankruptcy Discharge was inaccurate and misleading because end users, including potential creditors, may interpret the reported information to mean that Plaintiff incurred new debt during the Bankruptcy or that Plaintiff reaffirmed the Debt with Comenity notwithstanding the discharge.

25.    However, Plaintiff did not incur new debt with Comenity during the pendency of the Bankruptcy or reaffirm the Debt in the Bankruptcy.

26.    As a result of Defendants' conduct, Plaintiff has suffered actual damages and serious financial and pecuniary harm arising from monetary losses related to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including, but not limited to, local or long distance telephone charges, postage, faxing and other related costs, all of which will continue into the future to Plaintiffs' great detriment and loss.

27.    As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

28.    As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the negative entry appearing on Plaintiff's credit file, preventing her from being able to obtain credit.

29.    As a result of Defendants' conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

///

### FIRST CAUSE OF ACTION

**Willful Failure to Employ Reasonable Procedures To Ensure Maximum Accuracy of Credit Reports in Violation of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b)**

**(Against Defendant Experian)**

30.    The allegations set forth in paragraphs 1-29 above are re-alleged and incorporated by reference as if fully set forth herein.

31.    Experian is regularly engaged in the practice of assembling and evaluating consumer credit information for the purpose of preparing consumer reports, as that term is defined in 15 U.S.C. § 1681a(d) and Cal. Civ. Code § 1785.3(c), commonly referred to as Credit Reports, and furnishing these Credit Reports to third parties.

32.    Experian uses the means and facilities of interstate commerce for the purpose of preparing and furnishing Credit Reports and, hence, is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(t). Experian likewise is a "consumer reporting agency" within the meaning of Cal. Civ. Code § 1785.3(d).

33.    In preparing Credit Reports, Experian has failed to use reasonable procedures to, as required by law, "assure maximum possible accuracy" of information relating to the discharged debts of Plaintiff, in violation of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b).

34.    As a result of Experian's failure to use reasonable procedures in accordance with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b), Experian has erroneously reported as due and owing one or more of the discharged debts of Plaintiff.

35.    Experian's failure to comply with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b) is willful within the meaning of 15 U.S.C. § 1681n(a) and Cal. Civ. Code § 1785.31(a)(2), respectively.

36.     As a result of Experian's willful noncompliance with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code. § 1785.14(b), Plaintiff is entitled to statutory and punitive damages under 15 U.S.C. § 1681n(a)(1) and (a)(2) and punitive damages under Cal. Civ. Code §§ 1785.31(a)(1) and (a)(2), respectively.

37.     As a further result of Experian's willful noncompliance with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code. § 1785.14(b), Plaintiff has suffered damage to her credit rating and other actual damages.

## SECOND CAUSE OF ACTION

**Negligent Failure to Employ Reasonable Procedures To Ensure Maximum Accuracy of Credit Reports in Violation of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b)**

**(Against Defendant Experian)**

38.     The allegations set forth in paragraphs 1-37 above are re-alleged and incorporated by reference as if fully set forth herein.

39.     In preparing credit reports relating to Plaintiff, Experian has failed to follow reasonable procedures to assure maximum accuracy of information it puts in Credit Reports in violation of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b).

40.     As a result of Experian's failure to follow reasonable procedures in accordance with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b), Experian has erroneously reported one or more of the discharged debts of Plaintiff as "charged off" in Credit Reports.

41.     Experian's failure to comply with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b) is negligent within the meaning of 15 U.S.C. § 1681o(a) and Cal. Civ. Code § 1785.31(a)(l), respectively.

42.     As a result of Experian's negligent violations of the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.l4(b), Plaintiff has suffered damage to her credit rating and other actual damages.

## THIRD CAUSE OF ACTION

**Violations of the Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§1785.25(a)**

**(as to Defendant Comenity)**

43.     The allegations set forth in paragraphs 1-42 above are re-alleged and incorporated by reference as if fully set forth herein.

44.     California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

45.     Cal Civil Code 1785.31. states as follows:

(a) Any consumer who suffers damages as a result of a violation of this title by any person may bring an action in a court of appropriate jurisdiction against that person to recover the following:

(1) In the case of a negligent violation, actual damages, including court costs, loss of wages, attorney's fees and, when applicable, pain and suffering;

(2) In the case of a willful violation:

(A) Actual damages as set forth in paragraph (1) above;

(B) Punitive damages of not less than one hundred dollars ($100) nor more than five thousand dollars ($5,000) for each violation as the court deems proper;

(3) In the case of liability of a natural person for obtaining a consumer credit report under false pretenses or knowingly without a permissible purpose, an award of actual damages pursuant to paragraph (1) or subparagraph (A) of paragraph (2) shall be in an amount of not less than two thousand five hundred dollars ($2,500).

46.     Defendant Comenity negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

47.    Based on these violations of Civil Code § 1785.25 (a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants for the following:

48.    an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C § 1681(n) and Cal. Civ. Code § 1785.31(a)(2)(A);

77.    an award of statutory damages of $ 1,000.00 per willful violation of the FCRA, pursuant to 15 U.S.C § 1681(n) and 15 U.S.C. § 1681(o);

78.    an award of punitive damages under 15 U.S.C § 1681(n) and 1681(0);

79.    an award of punitive damages of $ 100.00 - $ 5,000.00 per willful violation of Cal. Civ. Code § 1785.16 and 1785.25(a);

80.    an award of attorneys' fees and costs pursuant to 15 U.S.C § 1681(o) and Cal. Civ. Code § 1785.31(d);

81.    Providing such further relief as may be just and proper.

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiff's demands a trial by jury in this action.

1   Date: September 16, 2019                    RESPECTFULLY SUBMITTED,

2                                               By:/s/  Matthew A. Rosenthal
                                                    Matthew A. Rosenthal
3                                                   Attorney for Plaintiff,
                                                    BEVERLY ACHOLONU
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25